IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRACIANO QUEZADA,

Plaintiff,

vs. No. 1:25-cv-1049-KG-SCY

FNU LNU,

Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Graciano Quezada's *pro se* Letter-Pleading (Doc. 1). Plaintiff is incarcerated at the Federal Correctional Complex in Coleman, Florida, and brings civil rights claims regarding excessive force and his classification status in that facility. However, Plaintiff mailed his pleadings to this Court (*i.e.*, the District of New Mexico). *See* Doc. 1 at 5. No defendant has been served, as the case is still in the screening phase. *See* 28 U.S.C. § 1915A (requiring *sua sponte* screening of all prisoner complaints against government officials).

Before examining the merits of Plaintiff's claims, the Court will evaluate whether the District of New Mexico is the proper venue for this proceeding. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) (analyzing improper venue and noting "the district court has discretion" to evaluate the matter on screening). Section 1391 of Title 28 permits a civil action to be brought in:

(1) a judicial district in which any defendant resides …;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to … personal jurisdiction.

28 U.S.C. § 1391(b).

Subsection (1) is not met. Any party who could remedy the execution of Plaintiff's sentence or the conditions of his confinement resides in Florida, and it is not clear this Court has personal jurisdiction over any defendant involved in Plaintiff's out-of-state incarceration. *See* 28 U.S.C. § 1391(c)(2) (for venue purposes, an entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). As to subsection (2), courts must examine "the nature of the plaintiff's claims and the acts or omissions underlying those claims" and determine whether "substantial events material to those claims occurred" in this district. *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010). None of the alleged wrongdoing occurred in New Mexico as Plaintiff's claims stem from events in a Florida prison. Subsection (3) does not apply. It appears Plaintiff can file an action in a Florida Federal Court.

Where, as here, venue is improper, the Court may transfer the civil action to any other district "where it might have been brought." 28 U.S.C. § 1404(a). The following discretionary factors must weigh in favor of the transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law;

> and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). The transfer must also be in the interest of justice; otherwise the matter should be dismissed without prejudice. Courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the *Cline* factors to a venue transfer).

On balance, the above factors favor a transfer to the proper forum. The Coleman Federal Correctional Complex is located in Sumter County, Florida, which is within the jurisdiction of the United States District Court for the Middle District of Florida. *See* 28 U.S.C. § 89(b) ("The Middle District comprises … Sumter [County]." The case should have been filed in that Court, and based on the allegations, Plaintiff may have intended to file in that court. Most evidence would come from Florida witnesses or prison records, and any defendant would be located there. *See* 28 U.S.C. § 1391(b)(2), (c). Plaintiff's allegations regarding excessive force and his classification status may survive initial review. And, while Petitioner directs his concerns to the sentencing court, rather than raising them in the district of confinement, this is a common mistake for *pro se* litigants. The alleged wrongdoing appears to have occurred in 2018 and 2025 (*see, e.g.,* Doc. 1 at 1); there is a chance some claims may be time-barred if filed anew. The Court also finds no prejudice to any defendant, as they have not yet been served or obtained counsel in New Mexico. A venue transfer is therefore proper; convenient; and in the interest of justice.

For these reasons, the Court will transfer this case to the United States District Court for the Middle District of Florida. Plaintiff may or may not be asked to file his claims on the proper Section 1983 or Section 2241 form, which provides more information, and to pay the filing fee in the Florida Court. For convenience, and to the extent Plaintiff would like a copy of relevant forms, the Court will direct the District of New Mexico Clerk's Office to mail him blank Section 1983 and Section 2241 forms and a blank *in forma pauperis* application. **Plaintiff is reminded that all further pleadings and payments should be submitted to the United States District Court for the Middle District of Florida.**

IT IS THEREFORE ORDERED that the Clerk's Office shall:

1. TRANSFER the Complaint (Doc. 1) to the United States District Court for the Middle District of Florida;
2. MAIL Plaintiff blank Section 1983 and Section 2241 forms, and a blank *in forma pauperis* application; and
3. CLOSE the pending case in this Court.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.